■ JOSEPH L. FISHMAN, as Executor of CEFERINO HERNANDEZ, Deceased, et al., Respondents, v DANIEL J. HENRY et al., Defendants, and TRADE LANES SHIPPING CORP., Appellant. — Appeal from order, Supreme Court, New York County (Wallach, J.), entered January 2, 1981, dismissed, without costs, as superseded by order of the same court, entered January 27, 1981. Order, same court, entered January 27, 1981, modified, on the law and the facts, to stay the provision directing turnover by the referee to plaintiffs-respondents of the deposit of $1,650 on purchase price, pending resale of the subject property, at which time, in the event that the net proceeds thereof shall be less than the net proceeds anticipated from the aborted sale, to apply the amount of that deposit to any such deficit, and to return any remainder thereof to the purchaser appellant, and otherwise affirmed, without costs. The order declaring a default on the part of purchaser appellant on the foreclosure sale was eminently correct in the circumstances here found. However, that portion which, in effect, assessed a penalty against the defaulting purchaser by directing turnover of

the deposit made at the time of bidding to plaintiffs-respondents requires modification. Warrant for such a direction must be found if at all in the terms of sale, which make provision only for liability for deficiency or additional expense occasioned by a default. Accordingly, the deposit will be so applied against the defaulter's liability. As to the objection to declaration of the default, it appears from the record that appellant's successful bid at the foreclosure sale was made with full knowledge that the owner of the mortgaged property had successfully held up the sale for approximately two years during an eventually unsuccessful effort to achieve redemption. Concur — Kupferman, J. P., Sandler, Sullivan, Carro and Markewich, JJ.